Charles R. JORDAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6764.

United States Court of Appeals
Tenth Circuit.

Oct. 12, 1961.

Certiorari Denied Jan. 22, 1962.

See 82 S.Ct. 479.

Elmore A. Page, Tulsa, Okl., for appellant.

James L. Burton, Asst. U. S. Atty., Oklahoma City, Okl. (Russell H. Smith, U. S. Atty., Tulsa, Okl., was with him on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHILSON, District Judge.

BREITENSTEIN, Circuit Judge.

Jordan was found guilty by a jury of the purchase and sale of narcotics in violation of 26 U.S.C. §§ 4704(a) and 4705 (a). He seeks to reverse the judgment on the grounds that the court erred in denying his motion to quash the jury panel and in asking certain questions of government witnesses.

Defendant was tried twice on these charges during the same jury term. In the first trial the jury disagreed and a mistrial was declared. Prior to defendant's second trial, and in the same term, 13 other defendants in narcotic cases had been tried and convicted. The government witnesses against this defendant had testified in some of the other trials.

Before the second trial, defendant filed a motion to quash the jury panel alleging the mistrial, the number of other cases involving narcotic violations and heard by some members of the same jury panel, and the publicity given such trials as reasons for the impossibility of a fair trial for him before the jury panel. He offered no evidence in support of the motion and the trial court ruled against him.

There were 28 jurors on the panel called for defendant's second trial. Of these, 6 were new and had been on no juries during the term in question. In the voir dire examination of the jurors called into the box the court interrogated them with reference to the publicity given the previous narcotic trials and the effect upon them of the mistrial. With permission of the court, defense counsel propounded questions to the prospective jurors as to their attitude towards narcotic cases and as to possible effect of the conviction of other defendants of narcotic charges in cases in which some of them sat as jurors. There were no challenges for cause and the defendant exercised only 5 of his 10 peremptory challenges. The jury as selected consisted of 4 of the new members

of the panel, 2 from the old panel who had sat on none of the previous narcotic cases, and 6 of the old panel who had been on such cases.

█ The record is devoid of any showing as to the character and extent of the publicity attending the mentioned narcotic trials. Accordingly the defendant's contention may be considered only as to the ground that the panel called for his trial was made up of jurors who had been on the panel during the previous narcotic trials. This is not persuasive as 6 of the panel were new and a challenge such as made here raises the sole question of the invalidity of the entire panel because of some vitiating defect or irregularity.[1] By his failure to exercise any challenge for cause and by his use of only half of his peremptory challenges, the defendant has waived the right to complain that he was not tried by an impartial jury.[2]

██ In the course of the trial the court propounded certain questions to the witness Potter, an addict-informer, and to the witness Casey, a federal narcotic agent. Prejudicial error is said to result therefrom because the actions of the court bolstered the credibility of the witnesses, indicated a partial attitude on the part of the court, and invaded the province of the jury. A judge presiding over a jury trial in federal court is more than a mere umpire. He has both the responsibility of assuring the proper conduct of the trial[3] and the power to bring out the facts of the case.[4] The questions complained of were for the purpose of clarification to enable the jury to better understand the case. They did not constitute advocacy by the judge and did not evince hostility towards the defendant. In his instructions to the jury the trial judge stated that if he had made any statement or left any impression as to his views with which the jury disagreed, the jury should follow its own judgment as it had the responsibility to decide the facts. There was no objection by defense counsel to the instructions. The interrogations by the court were within the range of his judicial authority and did not constitute any abuse of discretion.

Affirmed.

1. United States v. Gordon, 7 Cir., 253 F. 2d 177, 184, reversed on other grounds 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447.

2. Graham v. United States, 6 Cir., 257 F. 2d 724, 729, and cases there cited.

3. Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680, rehearing denied Kretske v. United States, 315 U.S. 827, 62 S.Ct. 629, 86 L.Ed. 1222.

4. United States v. Rosenberg, 2 Cir., 195 F.2d 583, 594, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, rehearing denied 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 687, stay vacated 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607.