Andrew James **LEONARD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17940.

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1963.

Rehearing Denied Dec. 30, 1963.

John G. Clancy, San Francisco, Cal., for appellant.

Warren C. Colver, U. S. Atty., and James R. Clouse, Jr., Anchorage, Alaska, for appellee.

Before ORR, HAMLEY and KOELSCH, Circuit Judges.

ORR, Circuit Judge.

The main question for determination here is: did the rendition of a verdict of guilty, in open court, against appellant for an unrelated crime, while nineteen members of the jury panel were present, so infect said panel with prejudice that the serving of five of them on the jury in the instant case violated the constitutional rights of appellant?

The case in which the guilty verdict was returned involved violations of 18 U.S.C.A. § 495, forging and uttering endorsements on government checks. The instant case involved a violation of 18 U.S.C.A. § 2314, transportation of a forged instrument in interstate commerce. The two cases were tried in succession. At the conclusion of the evidence and arguments in the forgery case the jury retired to deliberate on its verdict. While the jury was deliberating, counsel for appellant informed the court that he felt it would prejudice appellant to be tried for the second offense by a jury drawn from the same panel, since most of the jurors remaining on the panel were aware that the first trial was taking place.

The jury in the forgery case then returned and announced their verdict before the panel from which the second jury was to be drawn. After the panel had heard the verdict, appellant objected to impaneling a jury for the second case using as a base the members of the panel who had heard the verdict in the first case, and to impaneling a jury with the

small number of persons then remaining on the panel.[1]

 The latter objection was corrected by the calling of additional jurors. The former objection was, properly we feel, overruled. The objection was a challenge to the panel or array. A challenge to the array is not the appropriate means of attacking possible prejudice on the part of one or more jurors. Its use is limited to objecting to defects in the drawing or selection of the panel itself, or attacking other vices which cannot be cured by the *voir dire* examination.[2]

Here, as was said by the Supreme Court of the United States in the case of United States ex rel. Darcy v. Handy, 351 U.S. 454, at 462, 76 S.Ct. 965, at 970, 100 L.Ed. 1331 (1956),

"Petitioner [appellant] has been given ample opportunity to prove that he has been denied due process of law. While this Court [United States Supreme Court] stands ready to correct violations of constitutional rights, it also holds that 'it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality.' Adams v. United States ex rel. McCann, 317 U.S. 269, 281 [63 S.Ct. 236, 87 L.Ed. 268]. * * * Justice Holmes, speaking for a unanimous Court in Holt v. United States, 218 U.S. 245, 251 [31 S.Ct. 2, 54 L.Ed. 1021], cautioned that 'If the mere opportunity for prejudice or corruption is to raise a presumption that they exist, it will be hard to maintain jury trial under the conditions of the present day.'"

True, opportunity for prejudice may have existed here, but there was a failure upon the part of appellant to take advantage of the provisions of law set up to discover and protect against its existence. No challenge for cause was interposed by appellant against any of the jurors who were sitting in the court room at the time the verdict in the forgery case was returned. They were not asked about the incident and hence the effect, if any, on the minds of the jurors was not disclosed. Since appellant did not avail himself of this very important provision of law set up for his protection, he is in no position to charge partiality on the part of the accepted jurors.[3]

 Again, after the jury was accepted for cause, appellant had at his disposal ten peremptory challenges. He exercised five. There were then in the jury box five jurors who were in the court room when the verdict in the prior forgery case was returned. Appellant, by peremptory challenge could have eliminated all of these jurors. His failure to do so is a significant circumstance tending to establish that he did not believe that said jurors were prejudiced. The fact that all peremptory challenges were not used is not conclusive, but it is a weighty factor in determining whether prejudice existed.[4] Counsel's argument that the mere presence of the jurors in the court room when the verdict was returned in the first trial establishes prejudice is without merit in the face of what happened during his second trial.

The evidence is strong and convincing. True, it consists mainly of the confession of appellant, but there is no contention on

1. The trial judge had properly dismissed all members of the panel who had actually served as jurors in the prior forgery case.

2. See United States v. Gordon, 253 F.2d 177 (7th Cir. 1958).

3. Jordan v. United States, 295 F.2d 355 (10th Cir. 1961), cert. denied 368 U.S. 975, 82 S.Ct. 479, 7 L.Ed.2d 438 (1962); Bullock v. United States, 265 F.2d 683 (6th Cir. 1959), cert. denied 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed.2d 1260 (1959); Batsell v. United States, 217 F.2d 257 (8th Cir. 1954).

4. United States ex rel. Darcy v. Handy, 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331 (1956); Jordan v. United States, 295 F.2d 355 (10th Cir. 1961), cert. denied 368 U.S. 975, 82 S.Ct. 479, 7 L.Ed. 2d 438 (1962); Graham v. United States, 257 F.2d 724 (6th Cir. 1958).

this appeal that it was not freely and voluntarily made. Appellant was tried and convicted according to proper legal procedures and standards and was found guilty in the proper manner.

Appellant has cited several cases [5] where the convictions were set aside because the jury learned of prior offenses of the accused through newspaper articles or other means. These cases can, we think, be distinguished on the grounds that actual prejudice was shown in particular jurors, or that the available legal means of protecting against prejudice were either used at the time of trial, or were not available at an opportune time.

Affirmed.

---

5. Appellant cites: Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959); Paschal v. United States, 306 F.2d 398 (5th Cir. 1962); Lett v. United States, 15 F.2d 690 (8th Cir. 1926); McLendon v. United States, 2 F.2d 660 (6th Cir. 1924); Boyles v. United States, 295 F. 126 (6th Cir. 1924).