Larry Charles **CLONCE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 8406.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1966.

William D. Jochems, Denver, Colo., for appellant.

Phillips Breckinridge, Asst. U. S. Atty., (John M. Imel, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-defendant Clonce was charged with entering a federally insured bank with intent to commit larceny in violation of 18 U.S.C. § 2113(a), found guilty by a jury, and sentenced to a ten-year term.[1] Various trial errors are claimed.

A bank at Ketchem, Oklahoma, was burglarized during the night of January 19, 1961. Separate indictments against defendant Clonce and one Phelps were consolidated for trial. Defendant was represented by retained counsel. The prosecution witness Prock was an accomplice in the burglary and, on his plea of guilty, had been sentenced for his participation. He testified reluctantly and admitted seven felony convictions. The defendant took the stand in his own behalf. In the course of the examination of both Prock and the defendant, the trial court asked various questions. No objection was made at the time but on this appeal it is urged that by such questioning the court showed partiality and became an advocate for the government. Appointed counsel in this court seeks to avoid the absence of objection by reliance on the plain error rule.[2] We have examined the record and conclude that the interrogations were for the purpose of clarification, were not advocacy, and did not dis-

1. Defendant was sentenced on June 7, 1961. A mix-up occurred on the taking of the appeal but the government does not question its timeliness and we will not concern ourselves with that problem.

2. Rule 52(b), F.R.Crim.P.

914

play hostility. The questioning by the trial judge was "within the range of his judicial authority and did not constitute any abuse of discretion."[3]

■ Certain remarks of the court and its comment on the evidence in the instructions are urged as error. In each instance no objection was made at the time. We have examined the record to determine if any substantial right of the defendant was affected. During the examination of Prock and after the government attorney had said that the witness was confused, the court remarked that it believed "the witness is persuaded by other motives to indicate an inability to remember." In its instructions the court commented on the evidence and in the course of so doing stated the impression that Prock was telling the truth. The defendant also asserts that in its comments the court did not fairly present the evidence for the defense.

■ This is not a case like United States v. Marzano, 2 Cir., 149 F.2d 923, in which the judge on his own volition called two witnesses who were accomplices in the crime and who had pleaded guilty. Nor is it a case like Quercia v. United States, 289 U.S. 466, 471, 53 S.Ct. 698, 77 L.Ed. 1321, where the judge put his experience in the scale against the accused. We believe that the remarks and comments of the judge were fair, dispassionate and judicial. The jurors were told to exercise their independent and uncontrolled judgment. This satisfies the rule stated in Sadler v. United States, 10 Cir., 303 F.2d 664, 666. If the comments on the evidence were not as full as the defendant wished, the defect, if any there was, should have been called to the attention of the trial court and it was not. We find no infringement on the substantial rights of the defendant.

The next claim of error relates to the conduct of the prosecutor. One instance was a statement made in the examination of the witness Prock. That statement referred to a codefendant and had no pertinence to the defendant now appealing. The other three instances concern the final argument. We have read that argument and find it well within the guidelines which we have recognized in Sill Corp. v. United States, 10 Cir., 343 F.2d 411, 420–422.

■ The next argument is that defense counsel was restricted in his cross-examination of a government witness. The court ruled out a repetitive question which the witness previously had answered clearly. In so doing the court acted within its discretion and its action did not prejudice the defendant.[4]

■■ The indictment charged a violation of 18 U.S.C. § 2113(a) which applies to the entry of a bank with intent to commit a felony. The defendant and his companions took $91 in pennies from the bank. Counsel contend that because a larceny of less than $100 was committed the defendant should have been charged under the second paragraph of § 2113(b) which makes larceny of less than $100 from a bank a misdemeanor. Reliance on Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 is misplaced. That decision holds that when one enters a bank with intent to steal and then steals therefrom, he may not be convicted and sentenced under both subsections (a) and (b) of § 2113. Here the defendant was charged, convicted, and sentenced under subsection (a). We have held such procedure proper.[5] The evidence was sufficient to sustain the conviction of the offense charged.

Affirmed.

3. Jordan v. United States, 10 Cir., 295 F.2d 355, 356, certiorari denied 368 U.S. 975, 82 S.Ct. 479, 7 L.Ed.2d 438.

4. See McManaman v. United States, 10 Cir., 327 F.2d 21, 24, certiorari denied

sub. nom. 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307.

5. See Purdom v. United States, 10 Cir., 249 F.2d 822, 827, certiorari denied 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273.