Jack Edgar McBRIDE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 10153.

United States Court of Appeals
Tenth Circuit.

March 11, 1969.

Rehearing Denied April 14, 1969.

Gordon Patten, Tulsa, Okl., for appellant.

Lawrence A. McSoud, U. S. Atty., Tulsa, Okl., for appellee.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

This is an appeal from a conviction for aiding and abetting in the commission of the robbery of a federally insured bank in Dumright, Oklahoma, in violation of 18 U.S.C. §§ 2(a), 2113(a).

Underlying the appeal is the claim that prejudicial error was committed in that the trial court permitted testimony about appellant's involvement in an unrelated crime, allowed his character to be placed in issue, and propounded certain questions to two Government witnesses.

The first error complained of is testimony elicited from Floyd E. Cumby, who appeared at trial as a witness for the prosecution. He had participated in the planning of the robbery and was to drive the getaway car but was arrested before the robbery took place.

On direct examination, Cumby was questioned about his record, including a manslaughter conviction. On cross-examination, the defense attorney asked Cumby who had been killed and how they were killed. Cumby responded that the persons had been killed in an "armed robbery that Jack McBride sent me to Louisiana on."

The defense attorney immediately asked that the answer be stricken and that the witness be instructed not to volunteer statements but only to answer his questions.

The Court ordered the answer stricken. He admonished the jury not to consider it and asked them if they would be able to do so. Their response was in the affirmative.

During the presentation of the case for the defense, the prosecuting attorney attempted to cross-examine a defense witness, Donald Lee Yates, about his conviction for participation in the Louisiana crime. In response to a question concerning who had sent him and Cumby to Louisiana, the witness said that no one had sent him and successfully invoked the Fifth Amendment as the prosecution attempted to elicit further information from him.

No objection to this line of questioning was made by the defense attorney.

Another allegedly prejudicial error is asserted to have occurred during the Government's summation, when, without objection by the defense, the prosecuting attorney made reference to the fact that appellant constantly associated with Cumby and other known criminals for the purpose of planning crimes and to the fact that appellant and the others comprised a criminal "organization." He also called appellant the "brains" of the operation.

Also challenged is other testimony given during the cross-examination of Cumby by defense counsel. In an effort to show that Cumby was telling a different story on the witness stand than he had earlier told, the defense attorney mentioned a prior meeting in his office with Cumby. In the lengthy series of questions and answers that followed, Cumby divulged the information that McBride, who had been present at the meeting, had held a gun on him and had threatened him for testifying before the grand jury.

The above instances, it is contended, impermissibly interjected into the trial of the case evidence of the appellant's connection with an unrelated crime or crimes and placed his character in issue even though he did not take the stand. The testimony of Cumby is claimed to have done so directly, while the efforts of the prosecution to elicit information about the crime in Louisiana from Yates did so indirectly and in violation of the Court's ruling excluding such evidence. The latter is claimed to have been a deliberate attempt to circumvent the Court's ruling and to implant in the minds of the jury the fact that appellant had sent Yates to Louisiana to commit the robbery-murder of which Yates stood convicted. The prosecution's remarks in summation allegedly served the same purpose and, further, implied that, while others had been caught and convicted of crimes committed by the "organization," the appellant had always managed to elude prosecution.

Appellant's position is that the above, considered separately and/or together, were plain errors under Fed.R.Crim.P. 52(b), so that the absence of objection to all but one is not controlling.

■■■ Cumby's statement that McBride had sent him to commit the Louisiana crime was clearly inadmissible under the rule excluding evidence tending to show the commission by the defendant of a crime wholly separate from, independent of, and without any relation to the case on trial. Mills v. United States, 367 F.2d 366 (10th Cir. 1966); O'Dell v. United States, 251 F.2d 704 (10th Cir. 1958). However, the trial court immediately ordered the inadmissible portion of Cumby's testimony stricken and promptly ascertained that the jury could disregard it. That the trial judge was satisfied that the testimony would have no effect upon the jury is entitled to great weight, for he was able to observe the impact of the testimony upon the members of the jury, and their ability to disregard it as indicated by their response to him. Atkinson v. United States, 344 F.2d 97 (8th Cir. 1965), cert. denied 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1965).

Further, the objectionable answer was given in response to a question asked by defense counsel on cross-examination, as were Cumby's remarks concerning the appellant's threats against him.

■■■ All that need be said regarding the prosecution's attempt to cross-examine Yates regarding who had sent him to commit the Louisiana crime is that the response thereto was a denial of having been sent by anyone. No prejudice to defendant arose from this interchange.

■■■ As for the closing argument of Government counsel, the failure to object to the now-challenged comments precludes consideration of the point unless it was plain error affecting appellant's substantial rights. Van Nattan v. United States, 357 F.2d 161 (10th Cir. 1966); Wright v. United States, 301 F.2d 412 (10th Cir. 1962). In view of the evidence in the case, the argument cannot be said to be plain error.

Appellant's final contention is that the trial court improperly bolstered the credibility of Cumby and F.B.I. Agent Miller and, thus, all the Government witnesses.

During cross-examination, Cumby gave conflicting answers in response to questions concerning threats or promises made to him by anyone, including the authorities.

Concerned that there existed some confusion on this point, the trial court undertook to question the witness about possible promises or threats by the authorities.

The trial judge explained that he wanted the witness to clarify his answers. The witness was asked who had threatened or promised him anything. His reply was that the appellant and his attorney had threatened him. The Court asked him if the threat related to his grand jury testimony, and Cumby replied that it did. In response to a further question, Cumby stated that no one in law enforcement had promised him anything or had threatened him.

The alleged bolstering of F.B.I. Agent Miller arose because of testimony given by the defense witness Yates, who claimed that Miller had promised him a certain sentence if he would give the F.B.I. information to convict another person. The F.B.I. Agent denied having done so when he was called as a rebuttal witness.

At the close of his testimony, Miller was asked by the Court if he had ever been allowed to recommend a sentence to a federal judge or if he had ever known of a District Attorney doing so. Miller's reply to both questions was in the negative.

Defense counsel made no objection to the questions asked by the Court of either witness.

In essence, appellant's argument is that the trial judge discarded his position of impartiality and became an advocate for the Government.

■ Readily disposed of is this alleged error. An examination of the record discloses that the Court's interrogations were for the purpose of clarifying the facts in the case and were not advocacy. The questions asked were within the range of the judge's authority and did not prejudice in any way the rights of the defendant. Maguire v. United States, 358 F.2d 442 (10th Cir. 1966); Clonce v. United States, 356 F.2d 912 (10th Cir. 1966), cert. denied 384 U.S. 992, 86 S.Ct. 1897, 16 L.Ed.2d 1007 (1966); Jordan v. United States, 295 F.2d 355 (10th Cir. 1961), cert. denied 368 U.S. 975, 82 S.Ct. 479, 7 L.Ed.2d 438 (1962).

The entire record reveals that the case against the appellant was strong and convincingly established his guilt. Nothing occurring at trial that is complained of here was of such influence that it prejudiced the defendant's rights or denied him a fair, impartial trial.

Affirmed.