**Jack Edgar McBRIDE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 396–70.**

United States Court of Appeals, Tenth Circuit.

Aug. 6, 1971.

Rehearing Denied Sept. 14, 1971.

---

**230**

Arlen S. Ambrose, Hays & Thompson, Denver, Colo., for plaintiff-appellant.

Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., Tulsa, Okl., with him on the brief), for defendant-appellee.

Before HILL and JONES *, Circuit Judges, and BROWN, District Judge.

WESLEY E. BROWN, District Judge.

McBride has appealed in forma pauperis from an Order overruling his motion to vacate sentence pursuant to 28 U.S.C. § 2255 entered by the trial court

* Judge Assigned, Florida.

I. On direct appeal this court found that the "entire record reveals that the case

on May 28, 1970. He alleges that the court erred in denying his motion without an evidentiary hearing, and in rescinding his authorization to proceed in forma pauperis and denying issuance of subpoenas for witnesses on McBride's behalf.

McBride was convicted in the United States District Court for the Northern District of Oklahoma in February, 1968, of charges of aiding and abetting in a robbery of a bank at Drumright, Oklahoma in May, 1964. He received a sentence of twenty years, his conviction was affirmed on appeal by this court. McBride v. United States (10th Cir. 1969) 409 F.2d 1046, cert. dismissed, 396 U.S. 938, 90 S.Ct. 282, 24 L.Ed.2d 240; [1] and he is presently serving this sentence in the United States Penitentiary, Leavenworth, Kansas.

As grounds for relief in the § 2255 motion, McBride alleges that he was deprived of due process of law in that the United States Attorney knowingly used perjured testimony and "false inferences" to obtain his conviction. If such allegation be true, then McBride would be entitled to a new trial. See Napue v. Illinois (1959) 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; Turner v. Ward (10th Cir. 1963) 321 F.2d 918; Ryles v. United States (10th Cir. 1952) 198 F.2d 199.

The complaints regarding alleged perjury center upon the testimony of the government witness, Floyd Cumbey, and it should be noted that the false statements attributed to him are all connected with his credibility as a witness on behalf of the prosecution. Thus, it is alleged that Cumbey testified falsely in several respects regarding his criminal career in Louisiana and elsewhere, thus giving rise to "false inferences" regarding his status as a "murderer", the length of his Louisiana sentences, his testimony against a co-defendant in Louisiana, and the possible leniency re-

against appellant was strong and convincingly established his guilt." [409 F.2d at 1049]

ceived in return for such testimony. It is also alleged that when questioned about his prior record, Cumbey did not disclose that he had been convicted of contributing to the delinquency of a minor. In support of his motion for relief McBride attached numerous newspaper clippings which, among other things, indicated that (1) in October, 1968, Cumbey was charged with a 1967 murder of two women in Tulsa and that he was involved in the murder of two additional women which occurred in Oklahoma City in 1963 [Ex. 1, Vol. II.]; that in 1967 Cumbey pled guilty to two murders in Louisiana which occurred in 1964, and testified against a co-defendant, Jack Favor in Louisiana [Ex. 2A, B, C, Vol. II.]; that in September 1967, he testified before the grand jury that he had been convicted of armed robbery, burglary and first degree murder [Ex. 3.]; that in December, 1967, he was allowed to withdraw his pleas of guilty to charges of murder in Louisiana, and to enter pleas to two charges of manslaughter, receiving two 21-year consecutive sentences; [Ex. 4].

McBride also submitted affidavits from two persons who had been fellow-prisoners of the witness Cumbey in 1969 which related that Cumbey had told them that he testified falsely at McBride's trial and that he would "tell the truth and free McBride" for $5,000.00.

In addition to his claims of perjury, McBride also alleged that the prosecution had withheld information favorable to his defense, in that, it failed to disclose that his Pontiac had been searched shortly after the bank robbery and that no incriminating evidence had been found during this search.

In response to McBride's motion, the government denied knowledge of perjury and affidavits to that effect were supplied by the prosecutor, McSoud, and the F.B.I. agent involved in the trial.

On April 10, 1970, McBride was allowed to proceed in forma pauperis and his counsel submitted a list of 18 witnesses to be supoenaed at government expense. A brief outline of the purpose for which each witness would be called was included with the list. An evidentiary hearing was scheduled for April 15, but was twice stricken from the docket to be reset.

A pre-trial hearing was held on May 12, 1970, at which time the district court ruled that any hearing on the motion would be limited to the allegation that McBride's conviction was based on perjured testimony, known and used by the United States Attorney for the purpose of obtaining that conviction; that the case itself would not be retried, and that, in the opinion of the court, the jury had ample opportunity to pass on the credibility of the witness Cumbey. The court also ruled that in view of the fact that McBride had retained additional counsel, he would set aside leave to proceed in forma pauperis, and that subpoenas for the 19 witnesses to be issued at government expense would not be allowed. The court, however, further directed counsel for McBride to submit a new list of witnesses with a brief statement of their testimony which would be relevant to the narrow issue to be determined, that is, to prove that the government had knowingly used perjured testimony to obtain McBride's conviction, and upon receipt of such revised list, he could reconsider the question of subpoenas:

> "The Court: I will give you ten days just to let me know how you were going to prove the allegations so that we can get down to what I call a realistic list of witnesses, and at that time I will decide whether or not the pauper's affidavit will be allowed to be used."

No revised list of witnesses was submitted by McBride, and on May 28, 1970, the court entered its order overruling the motion to vacate the sentence, and the action was dismissed. In so doing, the court reviewed the trial transcript and files in the original criminal action and relied upon his own observance of witnesses during that trial. In particular, the court noted that Cumbey had delineated his criminal background to the

jury as to all offenses, including prior capital offenses, of which he had been charged and convicted of at the time of trial. It was noted that the Oklahoma murders were unsolved at the time of trial. With reference to Cumbey's credibility and criminal record, the court concluded that:

"There can be no doubt that the jury was eminently aware of the past criminal records of the government witness, Floyd Cumbey, and took such record into consideration in giving weight to the credibility of the witness * * *

"The mere fact that a witness is thereafter convicted of a capital offense does not constitute grounds for the conclusionary allegation that the District Attorney knowingly used perjured testimony in the trial of the case."

The court further noted that the asserted instances of "perjury" constituted trivial conflicts in the testimony, which had no bearing on the material evidence leading to conviction, and that the alleged "undisclosed evidence" pertaining to search of the automobile, had not been shown to be germane to the issue of the trial, and would not have exonerated the defendant or have been of material importance to his defense.

 The court is of the opinion that McBride's failure to specifically advise the district court as to how he intended to factually prove his allegation of a knowing use of perjured testimony to obtain his conviction was sufficient reason for the court to decide the issue, upon the basis of the files and records of the criminal proceeding, and without an evidentiary hearing. The District Court has an obligation to determine whether or not to allow an applicant to proceed in forma pauperis and the materiality and relevancy of proffered testimony are for the court's initial determination. See United States v. Price, 6/17/71, 10th Cir., 444 F.2d 248. The District Court rescinded McBride's authorization to proceed in forma pauperis

only when it learned that he had the means to retain additional counsel. Even then, McBride was given an opportunity to submit a new list of witnesses. While use of perjured testimony to obtain a conviction may be grounds for vacation of a conviction, the petitioner has the burden of establishing that a) the testimony was false; b) that it was material; and c) that it was knowingly and intentionally used by the government to obtain a conviction; Oyler v. Taylor (10th Cir. 1964) 338 F.2d 260, cert. denied, 382 U.S. 847, 86 S.Ct. 92, 15 L.Ed.2d 87; Lister v. McLeod (10th Cir. 1957) 240 F.2d 16; Ryles v. United States, *supra*, 198 F.2d 199. Conclusionary allegations to this effect are not sufficient. Early v. United States (D.C. Kan.1969) 309 F.Supp. 421. The record on this appeal fails to establish that McBride has cause to complain of the court's action in ruling upon his motion without evidentiary hearing. Cf. Anderson v. United States, 10th Cir., 6/16/71, 443 F.2d 1226; Eskridge v. United States, 10th Cir., 6/17/71, 443 F.2d 440. The judgment of the district court is affirmed.