843 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth Lynn JOHNSON, Jr., Petitioner-Appellant,
v.
John BROWN, Warden, Maryland Correctional Institution,
Respondent-Appellee.
 No. 87-6594.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 29, 1988.
 
 Kenneth Lynn Johnson, Jr., appellant pro se.
 Ann Elizabeth Singleton, Office of Attorney General of Maryland, for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a bench trial, Kenneth Lynn Johnson, Jr., was convicted of several Maryland narcotics offenses in connection with narcotics found at the house he shared with Donna and Denise Presley. He appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Johnson claims that during his state trial for narcotics violations, the prosecutor knowingly used the following perjured testimony: (1) Donna Presley's statements that she had not purchased hypodermic syringes on November 29, 1983, the day of Johnson's arrest, and that she had not used drugs since the summer of 1983; (2) testimony that Johnson had abused Donna Presley's son Justin; and (3) testimony that the Presleys had asked Johnson to leave their house two weeks before his arrest.
 
 
 2
 The district court applied the Sec. 2254(d) presumption of correctness to find that Presley's testimony about her purchases of syringes was not false and that the prosecution did not know that it was false. Johnson asserts that the presumption should not have been applied because he did not have a full and fair hearing in state court. Assuming arguendo that this assertion is correct, Johnson is nonetheless not entitled to a hearing on this issue. Johnson asserts that the prosecutor knew that Presley's testimony was false because the prosecutor apparently knew that Presley's testimony was contradicted by pharmacy records. Presley offered an explanation for this contradiction, however, as she testified that someone else must have used her name when they purchased syringes at the pharmacy. Johnson has made no factual allegations suggesting that the prosecutor knew that this explanation was false. In these circumstances, an evidentiary hearing is unnecessary. See Procunier v. Atchley, 400 U.S. 466 (1971).
 
 
 3
 Johnson's other perjured testimony claims also are without merit. He claims that the prosecution knowingly used perjured testimony that Johnson had assaulted Donna Presley and abused Justin Presley, Donna Presley's son, on the day of his arrest. His alleged acquittal of criminal charges in connection with the child abuse and assault does not establish that he did not commit those acts, nor does it establish that the prosecution knew that he had not committed them. In addition, it cannot be said that this testimony was used to obtain Johnson's conviction. McBride v. United States, 446 F.2d 229, 232 (10th Cir.1971), cert. denied, 405 U.S. 977 (1972). Presley's testimony was merely background information about why she had gone to the police on the day of Johnson's arrest, and the trial court made it quite clear that whether the charges were true was irrelevant to Johnson's guilt in this case.
 
 
 4
 Johnson also alleges that the prosecution knew that Donna and Denise Presley were lying when they testified that they had asked Johnson to move out of their house two weeks before his arrest. Johnson has made no factual allegations in support of this claim which tend to suggest that the prosecutor had any reason to believe that this testimony was false. Thus, he was not entitled to a hearing on this issue.
 
 
 5
 Johnson also claims that he received ineffective assistance of counsel at trial. He claims that his attorney should have obtained competent evidence to show that Donna Presley had purchased hypodermic syringes in the fall of 1983, instead of relying on letters from pharmacy employees which were ruled inadmissible. The district court rejected this claim on the ground that during Johnson's state hearing, his attorney had testified that he did not call a witness from the pharmacy because he already had ample evidence to discredit Presley's testimony about the syringe purchases. Our examination of the state hearing transcript reveals that Johnson's attorney offered no explanation for his failure to obtain competent evidence on this issue. There was ample evidence at trial which contradicted Presley's testimony about her drug use at the time of Johnson's arrest, however. In these circumstances, Johnson has failed to overcome the strong presumption that his attorney's decision not to obtain additional evidence was "within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 6
 In all other respects, we affirm on the reasoning of the district court. Johnson v. Brown, C/A No. 86-1890-N (D.Md. Aug. 5, 1987). We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.