**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENH CIRCUIT

RONALD DALE SMITH,

      Petitioner-Appellant,

v.

RAYMOND ROBERTS; ATTORNEY
GENERAL,

      Respondents-Appellees,

No. 95-3237

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 94-3135-DES)

David J. Gottlieb, University of Kansas School of Law, Lawrence, Kansas, for
Petitioner-Appellant.

Jared S. Maag, Assistant Attorney General, Office of the Kansas Attorney
General, Topeka, Kansas (Kevin Fletcher, Assistant Attorney General, Office of
the Kansas Attorney General, Topeka, Kansas, with him on the brief), for
Respondents-Appellees.

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **HENRY**, Circuit Judges.

**SEYMOUR**, Chief Judge.

    Ronald Dale Smith was convicted after a state court jury trial on two counts

of aggravated indecent liberties with a child. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his due process rights were violated both because admittedly false testimony was given at trial and because the State did not reveal the falsity as soon as it was discovered. The district court denied relief. Mr. Smith appeals and we affirm.[1]

## I.

The evidence against Mr. Smith consisted primarily of the testimony of the victim and her mother, Mr. Smith's then-wife, both of whom testified that Mr. Smith had sexually abused the child. Both of these witnesses also stated at trial that no sexual contact had occurred between the victim and a neighbor referred to as "Uncle Dick." After trial and sentencing but while the conviction was on direct appeal, the State learned that both witnesses had admitted during parental termination proceedings in another state that the victim had also been sexually abused by "Uncle Dick." The State did not inform Mr. Smith of this information and relied on the trial testimony of the two witnesses during the appeal.

After Mr. Smith learned of the new evidence, he filed a motion for state

---

[1] Title I of the Antiterrorism and Effective Death Penalty Act of 1996 significantly amended 28 U.S.C. § 2254, among other provisions. These amendments were signed into law on April 24, 1996. Mr. Smith received his certificate of probable cause and filed his notice of appeal before that date. We have held that under these circumstances, the new amendments do not apply. See Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir.1996).

post-conviction relief under Kan. Stat. Ann. § 60-1507. The state district court held a hearing and determined that Mr. Smith had not made the requisite showing for relief under state law. This ruling was upheld by the Kansas Court of Appeals, which pointed out that the State did not obtain the information until after trial. The court concluded that the State's failure to provide the information to Mr. Smith during his direct appeal, which would have enabled Mr. Smith to seek a new trial on the basis of newly discovered evidence, was rectified by the state post-conviction proceedings. In his federal habeas, Mr. Smith renews his contentions that he was denied due process by the false testimony at trial and by the State's delay in revealing its knowledge of it.

## II.

We turn first to Mr. Smith's contention that he was denied due process by the State's failure to immediately disclose the evidence of false testimony. "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). We agree with Mr. Smith that the prosecution's duty to disclose extends to impeachment evidence such as that at issue here. See Bowen v. Maynard, 799 F.2d 593, 610 (10th Cir. 1986). We also

agree, and the State concedes, that the duty to disclose is ongoing and extends to all stages of the judicial process.  See Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987).  Nonetheless, because the State did not learn the testimony was false until after trial, prompt disclosure would only have allowed Mr. Smith to move the state courts to consider it in a motion for new trial.  Because of the delay in disclosure, Mr. Smith was instead required to use the information as the basis for a request for post-conviction relief.  However, the state appellate court ruled as a matter of state law that the same standards govern the granting of relief in both situations.  Mr. Smith thus received the same hearing, under the same standards, that timely disclosure would have allowed.

A violation of the prosecution's duty to disclose evidence has three elements: "the defense must prove that the prosecution suppressed the evidence, the evidence would have been favorable to the accused, and the suppressed evidence was material."  Fero v. Kerby, 39 F.3d 1462, 1472 (10th Cir. 1994).  The first two elements are established here.  Evidence is material under the third element only "'if there is a reasonable possibility that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J., joined by O'Connor, J.)).  Because the prosecution in this case did not obtain the evidence until after trial, the proceeding upon which the third

element must focus is the new trial motion, not the trial itself. Here, the Kansas courts ruled in the functional equivalent of a hearing on a new trial motion that the evidence did not warrant relief, a ruling that in effect establishes the evidence was not material to the available post-trial proceedings. Consequently, Mr. Smith's due process rights were not denied by the State's failure to disclose the information promptly.

## III.

Relying on <u>Sanders v. Sullivan</u>, 863 F.2d 218 (2d Cir. 1988), Mr. Smith also argues he was denied due process by the State's failure to correct the admission of false testimony by granting him a new trial. In <u>Sanders</u> the witness at trial who identified the petitioner as the perpetrator of the crime subsequently recanted his testimony and swore that the crime had been committed by another. The Second Circuit articulated a three-prong test for evaluating whether the State denied due process by not granting a new trial after learning of the credible recantation post-trial. It held that a due process violation would occur "when a credible recantation of the testimony in question would most likely change the outcome of the trial and a state leaves the conviction in place." <u>Id.</u> at 222.

<u>Sanders</u> is distinguishable from the instant case in material respects. A credible recantation such as that in <u>Sanders</u> eliminates the basis for conviction.

Contrary to the situation in <u>Sanders</u>, the witnesses here did not recant their testimony that Mr. Smith had sexually abused the victim. Rather, the witnesses contradicted their trial testimony that the victim had not <u>also</u> been abused by "Uncle Dick." While this inconsistency could well have been a valuable impeachment tool, we are not faced with the situation in which a witness recants the testimony that names the defendant as the perpetrator of the crime.[2]

Because the State did not knowingly use the false testimony at trial, and because the new evidence contradicting trial testimony, while impeaching, did not itself eliminate the basis for Mr. Smith's conviction, we hold that Mr. Smith is not entitled to relief. We **AFFIRM** the district court's dismissal of Mr. Smith's habeas petition.

---

[2] This circuit has held that "a writ of habeas corpus should not be granted upon the grounds that false and perjured testimony was used unless it is shown that it was knowingly used against the defendant by the prosecuting officers in the criminal case." <u>Wild v. Oklahoma</u>, 187 F.2d 409, 410 (10th Cir. 1951); <u>see also</u> <u>McBride v. United States</u>, 446 F.2d 229, 232 (10th Cir. 1971) (applying same requirement in denying motion for relief under 28 U.S.C. § 2255). In view of our conclusion that the circumstances here do not present the compelling situation upon which the court grounded its ruling in <u>Sanders</u>, we conclude this is not the case to revisit <u>Wild</u> and <u>McBride</u> as urged by Mr. Smith.