**William McKinley REESE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-14617.**

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

Don Anderson, Public Defender, Homer Thompson, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, William McKinley Reese, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County· with the crime of Larceny of an Automobile, Title 21, Okl. St.Ann. § 1720. He was tried by a jury, found guilty of Unauthorized Use of a Motor Vehicle, Title 47, Okl.St.Ann. § 4-102, and sentenced to five years in the penitentiary. From that judgment and sentence he has appealed to this Court.

We need not go into all the facts of this case, as there is such an apparent error herein, this cause will have to be reversed and a new trial held.

The error of which we speak appears in the testimony of Oklahoma City Police Officer Rex Barrett, as follows:

"Q. What was the conversation after that in regard to the stolen vehicle from the location mentioned?

A. Well, I told him that they—we had information that there had been a Chevrolet pick up stolen from 3001 North Lincoln and this pick up was a blue pick up, it had Willis Champ-

lin on the side and it was bearing 67 Oklahoma 124387 and I asked him what he knew about the truck and he said prior to the theft of the truck he had discussed it with another person and they took the car —er—the pick up from a parking lot there at 3001 North Lincoln and they were stopped by some officers at—I believe it was 7th and North Durland and just prior to them being stopped, they had talked about ditching it."

And, on cross-examination, Officer Barrett stated:

"Q. Officer, you said you advised this defendant of his rights before you talked to him?

A. Yes, sir.

Q. I believe your testimony was that you told him that if he couldn't afford an attorney, one would be appointed for him?

A. *YES, SIR, IN THE EVENT IT CAME TO COURT.* ·

Q. *In the event it came to court?*

A. *Yes, sir.*

Q. Did you tell him anything about having an attorney there before he talked to you?

A. Yes, sir, I did.

Q. Did you tell him where that attorney could be obtained if he wanted one at that time?

A. *NO, SIR, I DIDN'T."* (emphasis ours)

The warning given by this officer falls far short of the requirements set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), wherein the United States Supreme Court held that *prior* to any in-custody police questioning, the accused must be warned in clear and unequivocal terms (1) that he has a right to remain silent; (2) that any statement that he does make may be used as evidence against him; (3) that he has a right to consult with, and have present prior to and during interrogation, an attorney, either retained or appointed; and, (4) that if he cannot afford an attorney, one will be appointed for him *prior to any questioning,* if he so desires.

 Each of these four warnings must be given and it is not sufficient to give some, but not all, of the warnings. The result of any questioning which is not in compliance with these requirements would be inadmissible in a trial.

The *Miranda* warning does not mean *"In the event it came to trial.*

■ ·It is the opinion of this Court that this was error, and the trial court should have excluded any admission of defendant to this Officer.

Therefore, we have no alternative but to reverse and remand this cause for a new trial in compliance with this decision.

Reversed and remanded.

BRETT, P. J., and BUSSEY, J., concur.