**Charles Curtis HARRIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 371-70.**

United States Court of Appeals, Tenth Circuit.

Jan. 7, 1971.

Hugh A. Baysinger, Oklahoma City, Okl. (Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., with him on the brief), for petitioner-appellant.

Floy E. Dawson, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for respondent-appellee.

Before HILL, and McWILLIAMS, Circuit Judges, and BRATTON, District Judge.

McWILLIAMS, Circuit Judge.

Charles Curtis Harris proceeding in forma pauperis filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma attacking a ten-year sentence imposed upon him by that court upon a narcotics conviction. Notice thereof was served upon the United States attorney, who filed a response thereto. Thereafter the trial court denied the motion without holding an evidentiary hearing, as such. Harris now seeks reversal of the judgment thus entered.

Harris was convicted by a jury in 1968 on each count of a three-count indictment charging the unlawful sale of narcotic drugs. Two years later Harris filed a § 2255 motion claiming a right to be released from his incarceration and asking that counsel be assigned to further represent him in the proceeding. As grounds for his release, Harris alleged that in his 1968 trial "a government witness, Mr. Edward Hudson, did commit perjury, under oath, against the petitioner."

Elaborating, Harris particularized in his motion as follows:

"The witness, Mr. Hudson, testified that he did not have any pending cases against him which could be used against him to force him to testify against the petitioner. The witness, Mr. Hudson, is 'now' serving a sentence in Lansing Kansas state prison, and, the said case 'was' pending against him during the time of his testimony against the petitioner on April 20, 1968."

The record of the 1968 trial, including the reporter's transcript, is a part of the record now before us. From that we learn that the prosecution's evidence showed three separate sales by Harris to government undercover agents. Harris' defense was that of entrapment and his line of testimony upon trial was that one Edward Lewis Hudson "set up" the sale in question by delivering to Harris the drugs which he later sold to the government agents and that after such delivery Hudson directed the government agents to Harris and generally "staged" the entire transaction to the end that he even received from Harris the monetary proceeds of the sale.

It was in this setting that the prosecution called Hudson as a rebuttal witness. Hudson by way of direct testimony denied any entrapment. On cross-examination counsel brought out the rather extensive criminal record of Hudson and the § 2255 motion is based on the following question and answer:

"Q  Are you presently under any type of indictment or charge?

"A  I—no sir."

As above indicated, it is Harris' contention as set forth in his motion that the foregoing answer was false, and that at the very time Hudson testified there were charges then pending which resulted in his sentence to, and present incarceration in, the Kansas State Penitentiary.

The trial court denied Harris' request for the appointment of counsel and also denied his motion under § 2255, giving as reason therefor the following: (1) the fact that certified copies of records of the committing court in Kansas showed that Hudson's incarceration in the Kansas State Penitentiary resulted from cases which were filed *subsequent* to Harris' 1968 trial and pertained to offenses which also occurred *after* Harris' 1968 trial and that accordingly Harris' claim of perjury was incorrect; (2) that the particular testimony of the witness Hudson which was allegedly perjured testimony was brought out on cross-examination and was not used to bring about Harris' conviction nor did it contribute thereto; (3) that the motion was itself legally insufficient because it was not alleged that the government prosecutor "knowingly, wilfully and intentionally used the perjured testimony to convict the petitioner."

In connection with point 1, the trial court included in the record by incorporating in its judgment certified copies relating to Hudson's commitment to the Kansas State Penitentiary, which copies apparently had been sent the trial court upon its request.

Knowing and intentional use of perjured testimony to obtain a conviction in a criminal proceeding is grounds for obtaining relief under 28 U.S.C. § 2255. See, for example, Ryles v. United States, 198 F.2d 199 (10th Cir.). In the instant case Harris in his motion did *not* allege that the use of the particular testimony of Hudson here under scrutiny was knowing and intentional on the part of the prosecution; therefore the denial of Harris' motion because of this omission was proper. This is not just a formal requirement which can be cured by merely amending the motion as originally filed. Charging a prosecutor with knowingly using perjured testimony is a serious matter and hopefully can seldom be made in good faith. Whether such accusation could in good faith be made in the instant case, we do not know. What we do know is that such an allegation was not made and, as indicated, this omission alone justified the action taken by the trial court.

Another reason given by the trial court for denying Harris' motion was that the testimony in question was not used to obtain a conviction, nor did it contribute thereto. This reason we believe to be an invalid one.

In our view the testimony elicited from the witness Hudson, including his answer that he was not then "under any charge or indictment," was "used" and did "contribute to" the ensuing conviction. The fact that Hudson was a rebuttal witness and that the answer was elicited on cross-examination is not decisive of the matter. On trial, Harris admitted the sales for which he was being prosecuted and his defense was an entrapment wherein Hudson played a leading role. Hudson's taking of the witness stand and categorically denying any such involvement was certainly being "used" by the prosecution in its efforts to secure a conviction. In this context Hudson's credibility, along with that of Harris, became a key issue in the case. And if Hudson in fact had charges and

indictments hanging over his head and on cross-examination falsely stated that he did not, such would constitute perjury relating to a very material matter. We conclude that Hudson's testimony was being used to secure Harris' conviction. United States v. Gonzalez, 321 F. 2d 638 (2d Cir.), presents a far different factual situation than does the instant one. There the perjured testimony was apparently offered by way of defense and it exonerated the defendant. Here Hudson's testimony was incriminatory in its nature, not exculpatory, as it tended to refute Harris' defense of entrapment.

Thirdly, and most importantly, we conclude that the determination by the trial court that the grounds for relief set forth in Harris' motion were factually incorrect was under the circumstances proper and that in making such determination the trial court did not go "outside" the record.

■ As noted above, Harris alleged in his motion that Hudson is "'now' serving a sentence in Lansing, Kansas state prison, and, the said case 'was' pending against him during the time of his testimony against the petitioner on April 20, 1968." In other words, it is alleged that Hudson's present incarceration as of 1970 stemmed from a charge or charges pending against him when he testified against Harris in 1968.

As indicated, the trial court, apparently on its own initiative, made inquiry about the origin of Hudson's confinement in the Kansas State Penitentiary at Lansing, Kansas. In any event, as a part of its judgment the trial court incorporated therein certified copies of records in the district court for Sedgwick County in Kansas which established that Hudson's present confinement stems from informations which were filed subsequent to Harris' trial and concern offenses which also occurred after Harris' trial.

Harris complains that the trial court went "outside" the record in determining that the charges which have resulted in Hudson's present confinement were not pending against him when he testified as a rebuttal witness against Harris. 28 U.S.C. § 2255 does provide, in part, that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice * * * and grant a prompt hearing * * *."

In justification of the trial court's action it is argued that this is not an instance of going outside the record, but is rather a case of "expanding" the record by incorporating therein documentary evidence which establishes beyond doubt that the very specific allegations in the motion were not correct. We agree.

In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, appears the following pertinent comment:

"* * * Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined 'without requiring the production of the prisoner at the hearing.' This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. * * *."

To like effect, in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, appears the following:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no

matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court."

In *Machibroda* it was also declared that it would not be "unreasonable" to suppose that certain allegations in a motion filed under 28 U.S.C. § 2255 could either be corroborated or disproved by "visitor records" of the jail where petitioner was initially confined, or by "mail records" of the penitentiary wherein petitioner was ultimately confined, and the strong suggestion is that such could conceivably be done without the physical presence of the petitioner in open court. Certainly certified copies of court records are, at the very least, on a par with visitor records of a county jail and mail records of a state penitentiary.

In Raines v. United States, 423 F.2d 526 (4th Cir.), it was held that in a section 2255 proceeding it was "perfectly appropriate depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letter, documentary evidence, and in appropriate case, even affidavits."

We need not here decide how far a trial court may thus go in expanding the record on a section 2255 proceeding. We do hold, however, that in the instant case the trial court did not err in the manner in which it proceeded and that its determination that Harris' claim of perjury by Hudson was incorrect was under the circumstances proper.

Affirmed.