Richard Lee BYERS, Plaintiff in Error,

v.

OKLAHOMA CITY, Defendant in Error.

No. A-15858.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1972.

Rehearing Denied May 31, 1972.

Jon F. Gray, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, the City of Oklahoma City, William D. Graves, Asst. Municipal Counselor, for defendant in error.

BRETT, Judge.

Plaintiff in Error, Richard Lee Byers, hereinafter referred to as defendant, was convicted by jury verdict in the Oklahoma City Municipal Court of Record, Case No. 3503, of driving under the influence of intoxicating liquor and punishment was fixed at 90 days in jail and a $100.00 fine. Judgment and sentence was imposed on January 2, 1968, and this appeal perfected therefrom.

On November 16, 1967, at about 1:15 or 3:00 o'clock p. m., Officer Keenum arrived at the scene of an automobile accident where defendant identified himself as being the driver of the automobile. The officer arrested defendant for public drunk and placed him in the patrol car where, according to the officer's testimony, defendant was advised of "part of his rights." Defendant was advised "his rights were to consult with an attorney and that he did not have to answer any question or take any tests, and anything that he might say could be used against him at a later date." The officer then asked defendant how much he had to drink and defendant replied "he had drank some." The officer completed his investigation at the scene

and took the defendant to the interrogation room at the police station where defendant undertook several performance tests. No further warnings were given defendant and at the station defendant admitted, upon specific questioning, that "he had been drinking since 7:00 a. m. that morning and that he had consumed about a pint of the alcoholic beverage of wine." Defendant's admissions were admitted over objection at the trial, and defendant's pre-trial motion to suppress his admissions was overruled.

 Defendant contends that his admissions were obtained under circumstances that did not meet constitutional standards for protection of the privilege against self-incrimination under the guidelines set forth in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). In order to protect an accused's privilege against self-incrimination the Court set out this requirement:

> "He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and *that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires* . . . After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." (Emphasis Added) 384 U.S. at 479, 86 S.Ct. at 1630.

The arresting officer stated that he only advised defendant of "part of his rights," and it is apparent that he did not advise defendant that if defendant could not afford an attorney one would be appointed for him; nor was defendant specifically advised that he was entitled to counsel during interrogation. *Miranda* held:

> "In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that *if he is indigent a lawyer will be appointed to represent him.* Without this additional warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one. The warning of a right to counsel would be hollow if not couched in terms that would convey to the indigent—the person most often subjected to interrogation—the knowledge that he too has a right to have counsel present." (Emphasis Added) 384 U.S. at 473, 86 S.Ct. at 1627.

Warnings which fail to advise a suspect that an attorney will be appointed to represent him if he cannot afford one or that he has a right to the presence of an attorney during any questioning, have been found fatally defective. In United States v. Fox, 403 F.2d 97 (2d Cir., 1968), the warnings were fatally defective where nothing was said to defendant about his right to have an attorney appointed prior to questioning if he could not afford one. The warnings were inadequate in Brown v. Heyd, 277 F. Supp. 899 (E.D. for 1967), where defendant was told only that he had "a right to counsel." See also Windsor v. United States, 389 F.2d 530 (5th Cir., 1968); where defendant was told only that he could speak to a lawyer or anyone else before he said anything; in Groshart v. United States, 392 F.2d 172 (9th Cir., 1968) defendant was told only that "he had a right to get an attorney any time he wanted one"; and Duckett v. State, 3 Md. App. 563, 240 A.2d 332 (1968), where defendant was merely advised that he had a right to "contact" a lawyer.

Since defendant was not advised that if he was indigent a lawyer would be appointed to represent him, and since it was not made clear that he was entitled to

presence of a lawyer during interrogation, no evidence obtained as a result of interrogation can be used against him. Accordingly, the judgment and sentence is hereby reversed and remanded.

BUSSEY, P. J., and SIMMS, J., concur.

## ON PETITION FOR REHEARING

BUSSEY, Presiding Judge, and SIMMS, Judge.

In denying the Petition for Rehearing filed herein, and reaffirming our concurrence in Judge Brett's opinion, we wish to emphasize that the requirement that the *Miranda* warning be given applies in only those cases which form the foundation for a felony charge for a subsequent offense.

The Petition for Rehearing is denied.