James Franklin GRAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17306.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1973.

Wesley R. McClanahan, Enid, Court Appointed, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

BUSSEY, Judge:

This is an appeal from the District Court of Garfield County, Case No. CRF–71–675, where Appellant, James Franklin Gray, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Lewd Molestation in violation of 21 O.S. § 1123.

Although there are several assignments of error, we deem it only necessary to deal with defendant's first proposition that: "The Defendant was not adequately informed of his right to have an attorney present during his questioning at the police station." The facts giving rise to this proposition are that the defendant, an indigent, was taken to the police station for questioning after the mother of a four-year old boy had reported that she had observed the defendant fondling with the boy's private parts.

At the preliminary hearing, Officer Nichols testified that he advised the defendant of his Miranda rights, as follows:

"A. We advised him that he had a right to remain silent.

\*   \*   \*   \*   \*   \*

Q. Anything else?

A. And anything that he said could be used against him in a court of law and that he had a right to an attorney and if he couldn't afford one, one would be appointed for him by the law.

Q. Did you tell him where one would be appointed for him?

A. No sir.

Q. Did you tell him where an attorney could be obtained, if he wanted one then?

A. No sir.

Q. Did you tell him anything about him having an attorney before he talked to you?

A. Before he talked to me?

Q. Yes.

A. I told him that he had a right to an attorney.

Q. You didn't tell him how he could get one

A. No sir."

Counsel for defense moved to suppress any statement or confession made by the defendant for the reason he had not been adequately advised of his Miranda warnings, under the authority of Reese v. State, Okl.Cr., 462 P.2d 331. The Examining Magistrate, Judge Hope, sustained the Motion to Suppress, holding said admissions and confession inadmissble. Notwithstanding the ruling of the Magistrate at the preliminary examination, Officer Nichols, during the trial, testified that he had given the same warnings as previously testified to at the preliminary examination, and the trial court permitted the defendant's confession to be admitted, over counsel's objections.

We are of the opinion that the trial court committed reversible error in allowing this confession to be admitted for the jury's consideration. In Reese v. State, *supra*, in paragraphs 1 and 2 of the Syllabus, this Court stated:

"1. Prior to any in-custody police questioning the accused must be warned in clear and unequivocal terms, (1) that he has a right to remain silent; (2) that any statements that he does make may be used as evidence against him; (3) that he has a right to consult with, and have present, prior to, and during interrogation, an attorney either retained

**596**

or appointed; and, (4) that if he cannot afford an attorney, one will be appointed for him prior to any questioning, if he so desires.

2. Each of these four warnings must be given and it is not sufficient to give some, but not all, of the warnings. The result of any questioning which is not in compliance with these requirements would be inadmissible in a trial."

Again, in Byers v. State, Okl.Cr., 497 P.2d 1302, we stated, in the Syllabus:

"1. Upon arrest an accused must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

2. Warnings which fail to advise an accused that an attorney will be appointed to represent him if he cannot afford one or that he has a right to the presence of an attorney during any questioning, are fatally defective and no evidence obtained as a result of interrogation can be used against him."

The failure to advise the defendant of his right to have counsel present prior to questioning and that if he could not afford one, one would be appointed for him, falls far short of the requirements under Miranda. It is readily apparent that the defendant was not advised of his right to counsel before interrogation and that if he were unable to employ counsel that counsel would be appointed for him prior to questioning.

█ Under the particular circumstances of this case, the doctrine of harmless error proscribed in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, has no application and this case is, therefore, reversed and remanded for a new trial.

We wish to extend our congratulations to counsel for defendant, who was court-appointed. Counsel fulfilled his obligations in the best tradition of our profession.

BLISS, P. J., and BRETT, J., concur.