Stanley Wayne GRAVETT et al., Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–17708.

Court of Criminal Appeals of Oklahoma.

April 30, 1973.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

### PER CURIAM:

Appellants, Stanley Wayne Gravett, Allen Clayborn Justus, and William Neal Jolly, hereinafter referred to as defendants, were charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–673, for the crime of Attempted Larceny of a Motor Vehicle. Each was sentenced to serve a term of eighteen (18 months) in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

The evidence at the trial adduced that on the morning of March 23, 1972, at between 6:00 and 6:30 a. m., Lawrence B. Covington observed three men in a field at Reno and Eastern, in the City of Oklahoma City, engaged in the operation of a bulldozer and a semitrailer truck. As it appeared to Mr. Covington that the three were trying to load the bulldozer into the van-trailer of the truck, an apparently unusual maneuver, he called the Oklahoma City Police. Mr. Covington then returned to a place from which he could observe these operations at greater length and, after watching for another little while, left the area to summon a unit of the Oklahoma Highway Patrol. Mr. Covington again returned to a vantage point, saw what appeared to be the same three men engaged in the same activity, and kept the men and their endeavors in view until the arrival of the Oklahoma City Police. When the police arrived, in response to the call, they blocked the egress with their patrol car. One officer began to interview defendant Gravett while the other spoke to defendants Justus and Jolly. A partial Miranda warning was given to defendant Gravett but prior to the giving of that warning the investigating officer questioned Gravett. As a result of the questioning, and before any Miranda warning had been given, defendant Gravett made two exculpatory statements, according to the testimony of one of the arresting officers. Defendant later testified that he had made no such statements. Defendant Jolly testified that he had operated the bulldozer and "played with it a little while." The theory of the defense was that the defendants were using the bulldozer to attempt to strike the truck in such a way as to loosen the locked brakes of the truck, and that any other use of the bulldozer was in the nature of playing with it.

Several interesting questions are raised in defendants' brief, but we find it necessary to consider only defendants' third proposition: "That the court erred in failing to give the defendant's [sic] requested instructions on their theory of the case." We agree. The thrust of defendants' case in chief was that the entire operation with the truck and the bulldozer was conducted in an effort to free the truck's brakes and when that effort met with limited success the continued use of the bulldozer was in the spirit of play and did not constitute an attempt to commit larceny of the bulldozer. Based upon that theory of the case, defendants submitted a written requested joy riding instruction on the provisions of 21 O.S.1971, § 1787.

The State argues that no such instruction was presented to the court because when the trial judge, out of the presence of the jury, asked if there were any instructions or any objections to the proposed instructions, the counsel for defendants replied in the negative. However, at page twenty of the original record we find such an instruction. The markings on the instruction indicate that the instruction was refused, that exceptions were allowed,

that it pertains to case "CRF–72–673". The instruction is on defense counsel's stationery and is subscribed, "Ben La Fon Judge." It is evidence that, in some manner and off the record, this instruction was presented, refused, and exceptions were allowed.

■ It appears that the instruction was properly presented to the court. The question remains as to whether it was properly refused. We think not. Defendants cite Gann v. State, Okl.Cr., 397 P.2d 686 for the proposition that defendant is entitled to have the jury instructed on the law governing the issues according to his theory of the case, provided that the theory is tenable in the law or supported by the evidence. The case is properly cited and we think, eminently applicable. The entire thrust of defendants' case in chief was not only to deny the offense charged but also to offer testimony which, if believed, would serve not only to defeat the charge but also to convict of another crime, the elements of which are inconsistent with the elements of the crime charged. Since the theory of the defense was supported by evidence, the trial court should have left the credibility of the evidence to the jury. By refusing the instruction requested, the trial judge prevented the case from going to the jury under all of the tenable theories presented by the evidence. This was prejudicial. See: Fleming v. State, Okl.Cr., 401 P.2d 997; Woods v. State, Okl.Cr., 485 P.2d 486.

■ We further observe that the trial court erred in admitting defendant Gravett's statements to Officer Majors. The officers were responding to a request-for police assistance and were informed that a felony was being or had been committed. They blocked the exit stopping the defendants from leaving, thus beginning the custodial interrogation. Officer Majors interrogated defendant Gravett without advising him of his Miranda rights [1]. Some time later, defendant Gravett was placed under arrest and was advised as follows: "I advised him he had the right to remain silent and he had the right to an attorney; if he couldn't afford an attorney, one would be appointed for him." (Tr. 30) In the recent case of Gray v. State, Okl.Cr., 506 P.2d 594, we held that a defendant must be advised that he has the right to counsel prior to and during questioning.

The judgments and sentences are accordingly reversed and remanded.

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.