**WILFREDO RIVERA, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Respondent**

Civil No. 31-1973

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 5, 1973

BRYANT, COSTELLO & BURKE, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

JULIO BRADY, ESQ., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Petitioner, Wilfredo Rivera, has applied to this court for relief under Title 28 U.S.C. § 2255, requesting that judgment and sentence against him be vacated. He seeks to support this application by means of an evidentiary hearing, at which he would be present to testify in support of his claim.

He alleges three flaws in his trial which, he maintains, entitled him to be present at an evidentiary hearing on this motion, and to ultimately have his conviction and sentence vacated.

Rivera's primary allegation is that the government's principal witness against him, one Daniel Marcano, committed perjury during the course of his testimony in stating that Rivera had sold a quantity of drugs to him. Rivera now avers that he never sold any drugs to Marcano, but instead sold them to the agent's informant, who was known to petitioner to be drug addicted. The trial was held on October 28, 1970, and on October 30, the petitioner was sentenced. This motion was filed on January 12, 1973.

The rule with regard to perjury of a government witness in a criminal trial, as challengeable in collateral proceedings, seems to vary among the circuits. The majority rule, however, is that the petition must allege that the prosecuting attorney knowingly offered perjurious testimony of a material nature. U.S. v. Jenkins, 281 F.2d 193 (3 Cir. 1960); Smith v. U.S., 358 F.2d 683, but see Curran v. Delaware, 259 F.2d 707 (3 Cir. 1958); Jackson v. U.S., 384 F.2d 375 (5 Cir. 1967), cert. den. 392 U.S. 932, but see Rosa v. U.S., 397 F.2d 401 (5 Cir. 1968); Anderson v. U.S., 403 F.2d 451 (7 Cir. 1968), cert. den. 394 U.S. 903 (1969); Harris v. U.S., 436 F.2d 591 (10 Cir. 1971); Griffin v. U.S., 258 F.2d 411 (D.C. 1958), cert. den. 357 U.S. 922.

▮ Moreover, it is generally agreed that when the alleged perjury was known to the petitioner at the time of the trial, it cannot later be challenged by collateral attack, Evans v. U.S., 408 F.2d 369 (7 Cir. 1969), even assuming that prosecutorial knowledge is not required, U.S. v. Smith, 306 F.2d 457 (2 Cir. 1962); Perry v. U.S., 297 F.2d 101 (8 Cir. 1962). Under either formulation, I conclude that petitioner's application does not warrant an evidentiary hearing. He does not allege that the United States Attorney was aware of the claimed perjury, and even if such an allegation is unnecessary, his affidavit clearly reveals that he was aware of the perjury—if it be such—at the moment it was offered. The challenge should have been made at that time. Charges of perjury years after a trial has been concluded, without any suggestion that newly discovered evidence has revealed the misconduct, cannot be the basis for a new trial. Unlike the situation in Rosa v. U.S., supra, upon which authority petitioner heavily relies, there is no suggestion of such newly discovered evidence in the application before this court.

▮ Rivera charges that he was inadequately represented by his court appointed counsel. On a § 2255 motion,

the test of effective counsel in the Third Circuit is whether the attorney has demonstrated "normal competency" in his representation, Moore v. U.S., 432 F.2d 730 (3 Cir. 1970). In that opinion the court noted that "the ultimate issue is not whether a defendant was prejudiced by his counsel's act or omission, but whether counsel's performance was at the level of normal competency" (at 737). Counsel in this instance is charged with inadequacy in four respects, based on an underlying premise that Rivera's "only defense" was entrapment, "if the jury believed that petitioner knowingly sold narcotics to Marcano." In my judgment, this qualification swallows the premise, because it is apparent from the conduct of the trial that defense counsel's intention was to prevent the jury from believing that very allegation. Further, such an approach was a valid tactical decision which was well within the bounds of "normal competency".

As Rivera now urges, it is clear that his counsel could have demanded to know the identity of the informant,[1] Roviaro v. U.S., 353 U.S. (1957), but it is far from clear that his failure to do so constituted incompetence. Assuming, as I have, that counsel's defense was aimed at discrediting the testimony of Marcano and denying the offense, I fail to see how the informant's identity or even his presence at trial could have been of assistance to defendant. In his affidavit, Rivera states that he did not give or sell any heroin to Marcano on the date in question but rather sold a quantity of narcotics to the informant. He further states that Marcano was not present when he made the sale to the informant. If the informant had been present to testify and had verified petitioner's statements as outlined above, this would only strengthen the picture

---

[1] It is clear, and should be always kept in mind that this informant had in no way informed against petitioner. This informant in no way figured in the arrest and conviction of Rivera.

of Rivera as a drug dealer, and the informant certainly could not testify of his own knowledge that at no time on the date in question did Rivera sell heroin to Marcano, as well.

Petitioner further argues that counsel's stipulation to the qualifications of the chemist, and his failure to cross-examine him were indications of inadequate representation. Again, I cannot agree. In the context of a narcotics charge, a defense attorney may reasonably conclude that to delve into the chemist's qualifications is to reinforce his credibility with the jury, at least where there is no reason to believe the witness is other than competent.[2] Moreover, his testimony regarding the chain of custody was minimal. The potential for doubt as to the connection between petitioner and the tested sample was clearly with Marcano, and defense counsel did inquire of him about a potential weak link in the chain (tr. p. 77, p. 79–80), and there was additional testimony in that regard during direct examination (tr. p. 34–35).

█ In addition, Rivera suggests that counsel's failure to object to certain testimony regarding other offenses was inconsistent with the standard of normal competency. If petitioner intends to suggest that any reference to prior bad acts or crimes is always per se inadmissible, he is incorrect. "Evidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime," U.S. v. Stirone, 262 F.2d 576 (3 Cir. 1968) reb. den. In his brief, petitioner alludes to two references to prior bad acts. The first is a statement attributed to Rivera concerning a pending drug charge against him. It was made during the agent's first encounter with

---

[2] The chemist in question was known to court and bar. Rivera's was one of several narcotics cases being tried during the same week and the qualifications of the chemist had been established.

him. The statement is relevant to a demonstration of the evolving understanding and relationship between the agent and the petitioner and it may be characterized as tending to establish a plan or design on his part to first explore the propensities of his new companion, and to broach the subject of a narcotics transaction only after he had satisfied himself in that regard. The second reference to a prior bad act appears in the testimony of Marcano, in his response to a question put by defense counsel. He was being asked about the conclusion of his operation in St. Croix, and he indicated that he had intended to return to St. Croix thereafter. He was then asked "why did you come back?" He answered that he did not return because some people who had sold drugs to the petitioner, had also dealt with Marcano and discovered that he was a government agent, and he feared they would disclose his disguise to Rivera, thus endangering Marcano (p. 78). The purpose of defense counsel in pursuing this line of questioning obviously was to discredit the witness' explanation of the fact that the envelope he claimed to have held the petitioner's drugs in was marked "Ponce" rather than "St. Croix", or any other more appropriate designation. The fact that he inadvertently elicited the response concerning drug sales to Rivera cannot be considered incompetence, if his general approach in questioning was reasonable. And it is, in my judgment, a matter of trial counsel's discretion whether a brief reference of this nature should be formally objected to, in light of the possible high-lighting effect such an objection may have on a jury.

Finally, Rivera challenges counsel's failure to request cautionary instructions on the above-mentioned references to prior crimes, and an instruction on entrapment. As to the cautionary instruction, I would note that the court did instruct the jury that the defendant was charged only with the acts alleged in the information: "whatever else

he may have done, whatever else you may think of him because of some evidence you may have heard, he is not on trial for that unless it is alleged in the four corners of this information . . ." (p. 106). Following this instruction, it was reasonable for defense counsel to believe that any further reference to the testimony about other crimes could only emphasize them to the jury, and his election not to request additional instructions was not incompetent. Similarly, his decision not to request an entrapment instruction was consistent with his trial decision to attack the credibility of the agent, and not to rely on an entrapment defense. I can hardly conclude that this decision failed to reach the level of normal competency because the concept of entrapment may not be an easy one to convey to a jury and even when understood, it may be expected to have far less appeal for the average juror than a simple claim of innocence. Moreover, there is substantial authority for the proposition that the defense of entrapment requires an admission that the acts charged were done, although a plea of not guilty is entered (see cases collected at 61 A.L.R.2d 677, and Supplement thereto). In the face of such authority, defense counsel could reasonably assume that the trial court would adhere to that rule, and if he concluded that a denial of the charges was preferable, as a matter of trial strategy, he was privileged to waive the defense of entrapment and proceed on a course of unequivocal denial.

 In conclusion, Rivera challenges the legality of the sentence imposed upon him for violation of Title 19 V.I.C. § 63(a), which fixed a minimum sentence of two years and a maximum of 15 years. The court imposed a minimum of 12 years and a maximum of 15 years. Petitioner contends that the court's authority to sentence is circumscribed by federal law, including 18 U.S.C.A. § 4208(a)(1) and § 4202. Section 4208 prohibits a judge from fixing a minimum term of "more than one-third

of the maximum sentence imposed by the court." Section 4202 makes Federal prisoners eligible for parole after serving one-third of their term. As to the latter section, I think it is clear that a person convicted of a local crime in the Virgin Islands, who happens to be detained in a federal prison for reasons of rehabilitation or mere convenience is not thereby transformed into a "federal prisoner." I note particularly that the original language in this section referred to a "prisoner confined in a Federal penal or correctional institution" and that reference was changed to the present phrase, "a Federal prisoner . . . wherever confined." This indicates an intention to differentiate the term "Federal prisoner" from the prisoner confined in a federal prison, and I so read the statute.[3] As to § 4208, it is my belief that without an express indication that this sentencing restriction is to be applied to sentences under local law, no such application is warranted. When an individual is convicted of crime under a Virgin Islands statute, there is no reason to incorporate federal law in the sentencing process. Accordingly, I conclude that petitioner's claim that his sentence is contrary to law, is without merit.

## ORDER

The premises considered and the court being satisfied therein,

IT IS ORDERED that petitioner's motion be, and the same is hereby denied in all respects.

---

[3] To accept Rivera's interpretation of the statute would be to alter or vary the term of Virgin Islands prisoner's encarceration, depending on whether the time was served in a Virgin Islands institution or in a Federal facility, on contract.