**Mark BROWN, III, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 76–341–C.**

United States District Court, E. D. Oklahoma.

March 14, 1977.

---

Mark Brown, III, pro se.

Richard Pyle, U. S. Atty., by John Osgood, Asst. U. S. Atty., Muskogee, Okl., for respondent.

---

## ORDER

DAUGHERTY, District Judge.

Mark Brown, III, Jim Wesley Davis and Eddie Vee Akers were jointly tried and convicted by a jury of Robbing the First National Bank of Colbert, Oklahoma on March 28, 1973, in violation of 18 U.S.C. § 2113(a) and (d). Each was sentenced to imprisonment for a term of 25 years. An appeal was perfected by all defendants to the Court of Appeals for the Tenth Circuit, which on July 31, 1974, affirmed the judgment and sentences.

By way of Motion pursuant to Section 2255 of Title 28, United States Code the above named petitioner, Mark Brown, III, seeks to vacate his sentence. The basic thrust of the Motion is that the petitioner is innocent and the real culprit "went free by testifing [sic] that I did it." A claim of innocence is not a basis for collateral attack. *Wagenknecht v. Crouse*, 344 F.2d 920 (CA10 1965) and *United States v. Smith*, 407 F.2d 33 (CA2 1969). As pointed out by the court in *Taylor v. United States*, 177 F.2d 194, 195 (CA4 1949):

> "Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty."

The petitioner complains generally that a denial of severance prevented him from proving his innocence. Although the co-defendant Davis raised the severance question on appeal petitioner did not. If the petitioner felt aggrieved by the joint trial he should have, as did his co-defendant, present the issue on appeal. Section 2255 was never intended to serve the office of an appeal. *Joe v. United States*, 510 F.2d 1038 (CA10 1975). It cannot be used as a substitute for a direct appeal. *Garcia v. United States*, 492 F.2d 395 (CA10 1974). Section 2255 is not available to test the legality of matters which should have been raised on appeal from the judgment. *Porth v. Templar*, 453 F.2d 330 (CA10 1971). Moreover, clearly there was no error. Neither at trial nor in the present Motion has there been any showing of real prejudice by the petitioner. The Court of Appeals in treating Davis' objection recognized that it was a matter within the discretion of the trial court and commented "the grant of a severance would have led to the waste of judicial time".

 The petitioner infers perjured testimony. Before perjured testimony can provide grounds for the vacation of a conviction the petitioner must establish the testimony was false, that it was material and that it was knowingly and intentionally used by the government to obtain the conviction. *McBride v. United States*, 446 F.2d 229 (CA10 1971). The petitioner does not allege that the testimony of W. D. Jackson "who committed the offense [but] went free by testifing [sic] that I did it" was knowingly, willfully and intentionally used by the prosecution. His allegations are therefore insufficient to impose any obligation upon the court to conduct an evidentiary hearing. *Harris v. United States*, 436 F.2d 591 (CA10 1971). The petitioner also renews in his Motion an attack upon his identification by government witnesses. He contends that there were inconsistencies between pretrial statements of witnesses and their statements at trial due to coaxing by the prosecution. This was fully developed at trial and treated on direct appeal:

"The testimony of the identification witnesses was in some respects inconsistent with statements to government investigators furnished to defendants prior to trial. See 18 U.S.C. § 3500. At trial these witnesses said that they had called discrepancies in the statements to the attention of the prosecutor a few days before trial. Defendants argue that they should have been furnished copies of the new statements. No showing is made that the prosecutor did more than take notes for trial preparation. Matters of this nature are not available to the defense. See *Palermo v. United States*, 360 U.S. 343, 352–353 [79 S.Ct. 1217, 3 L.Ed.2d 1287]. The defense took full advantage of the inconsistencies between the original statements, the later statements to the prosecutor, and the trial testimony. Defendants were not prejudiced by the failure of the prosecution to provide the trial preparation notes."

 Viewed as a challenge to the sufficiency of the evidence petitioner is not entitled to relief. It is well settled that claims relating to sufficiency of the evidence are not subject to collateral review. *Carrillo v. United States*, 332 F.2d 202 (CA10 1964). In short the petitioner here is simply resurrecting claims presented to the jury, the trial court and the appeals court. At every stage the issues of fact and law have been resolved against him. Issues determined on direct appeal are not subject to collateral review in a 2255 proceeding. *Baca v. United States*, 383 F.2d 154 (CA10 1967). The files and records conclusively show the petitioner is entitled to no relief and no factual issues are raised which require an evidentiary hearing. See *Semet v. United States*, 369 F.2d 90 (CA10 1966).

Accordingly, the Motion by the petitioner to vacate his judgment and sentence pursuant to Title 28, U.S.C.A. § 2255 will be denied.

IT IS SO ORDERED.