**Ronnie Lee KING, a/k/a Ronald Lee King, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-87.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1978.

Frank H. McCarthy, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Evan A. Douthit, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Ronnie Lee King, also known as Ronald Lee King, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–77–402, of the offense of Second Degree Burglary, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. The jury, pursuant to 21 O.S.Supp.1977, § 51(B), sentenced the defendant to twenty-seven (27) years' imprisonment. From that conviction, defendant has perfected this timely appeal.

The record reveals that during the afternoon of February 11, 1977, between 1:45 p. m. and 3:00 p. m., the residence of Reverend S. M. Harnsberry at 1537 E. Virgin Street in Tulsa, Oklahoma, was burglarized. When Reverend Harnsberry returned home at approximately 3:00 p. m. he discovered that the screen on the front door of his residence was torn, that another door near the garage was open, and that a nearby bathroom window was broken and the screen torn. Upon entering the house, he discovered that his color television, radio and a light blue suit were missing. The bedclothing and assorted clothes which had been placed in his bedroom dresser drawers were scattered over the floor.

The State called two other witnesses. Ruth Lavern Gray, who was at her mother's house located at 1548 E. Virgin Street, across the street from Reverend Harnsber-

ry's house on the date of the burglary, testified that she saw defendant when he knocked on the door of her mother's house at about 1:30 p. m. When she did not answer, he proceeded to go across the street to Reverend Harnsberry's house. There, he knocked on the front door, tore the screen on the door and then went to the back of the house.

Alice Lane was the last witness called by the State. She testified that during the afternoon of February 11, 1977, she was at her mother's home located on St. Louis Street, across from Reverend Harnsberry's house, facing his garage where the burglars entered. She saw two men carrying a television set out of the house and she called Reverend Harnsberry to inform him of what was happening. At trial, she pointed out the defendant as one of the men she saw removing items from the house and testified that defendant carried the television set out of the house.

 As his first assignment of error, defendant alleges that the trial judge erred by refusing to grant defendant's motion for mistrial when Alice Lane identified the defendant in court as one of the burglars. Defendant asserts that the prosecution had, in answer to his question as to whether there would be an in court identification, assured him there would be none and that the resulting identification was, therefore, surprise; and as a result counsel for the defense was unprepared to counteract the prejudicial effect of the identification, thus severely impeding defense counsel in representing defendant. While the defendant has presented no evidence in support of his contention that the prosecutor assured him there would be no identification of the defendant at trial, the record does reveal that there were some misleading, albeit unintentional (as stipulated by the defense), statements on the part of the prosecution as to the occurrence of a positive identification. For instance, counsel for the State remarked:

". . . My representations, as best as I recall, were cast in terms of I expected their testimony to be in terms of general-

ities, descriptions of people, and I did not expect at that time that there would be a positive identification as there was today."

Surprise is defined in 24 C.J.S. Criminal Law § 1431, in footnote No. 27, as follows: "Surprise, calling for new trial, is that situation in which party is unexpectedly placed without default on his part, and which will work injury to his interests." Although the positive identification at trial by Alice Lane was an unexpected occurrence to defense counsel, we do not deem such to come within the definition of surprise. Witness Lane was endorsed upon the information, thus giving counsel notice that she would be testifying against the defendant. It was counsel's responsibility to interview the witnesses endorsed upon the information and to discern the nature and extent of their testimony. Over three months' time from the date of the preliminary hearing until the date of trial was available to counsel to discover the testimony of Alice Lane. While the prosecution inadvertently misled the defense, to its detriment, through representations that there would be no positive identification, there was no obligation on the State's part to alert the defense to any subsequent developments in the nature of witness Lane's testimony; that was a responsibility of defense counsel.

In *Lightle v. State*, Okl.Cr., 321 P.2d 713 (1958), the defense was misled to its detriment by the prosecutor when he indicated that he would not place the case upon the docket. When the case was tried, the defense was severely hampered by being unable to have certain of its witnesses appear and in being unable to obtain sufficient information for cross-examination of the State's witnesses. In reversing the conviction and remanding for a new trial, we stated, "This is too serious a matter to, under the circumstances, deprive the accused of the opportunity of prosecuting the defense he has shown he can submit." In the principal case, we are of the opinion that while defendant suffered detriment by being misled he nevertheless was not so prejudiced as to warrant reversal of his

conviction, especially in light of the substantial evidence that the prosecution presented and the failure of defense counsel to adequately discover the testimony of Alice Lane.

 As his second assignment of error, defendant asserts the trial judge erred in instructing the jury to assess the defendant's punishment at 27 years' imprisonment, should they find him guilty, pursuant to 21 O.S.Supp.1977, § 51(B). We agree. In the case of *Thigpen v. State*, Okl.Cr., 571 P.2d 467 (1977), this Court declared 21 O.S.Supp. 1977, § 51(B), to be a denial of equal protection under the law and therefore unconstitutional. Accordingly, we feel that the defendant's sentence should be *MODIFIED* from twenty-seven (27) years to eighteen (18) years' imprisonment.

The judgment is hereby *AFFIRMED* as *MODIFIED*.

BUSSEY, P. J., and CORNISH, J., concur.