The STATE of Oklahoma, Appellant,

v.

Danny Ross OGLE, Appellee.

No. 0–79–18.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1979.

Earl A. Goerke, Dist. Atty., Stan Chatman, Asst. Dist. Atty., Canadian County, for appellant.

Jim Hugh Rinehart, Rinehart, Rinehart & Rinehart, El Reno, for appellee.

## OPINION

BRETT, Judge:

The appellee, Danny Ross Ogle, hereinafter referred to as the defendant, was charged by preliminary information dated April 27, 1978, in the District Court of Canadian County, Case No. CRF–78–121, with the crime of Obtaining Property by False Pretense in violation of 21 O.S.1971, § 1541.-2. On June 28, 1978, a preliminary hearing was conducted. At the conclusion of the preliminary hearing, the defendant's demurrer to the evidence was overruled and the defendant was bound over for trial. On October 4, 1978, the defendant filed a motion to dismiss based upon insufficiency of the evidence at the preliminary hearing. On December 15, 1978, the Honorable Floyd L. Martin, District Judge, sustained the motion with a Judgment Quashing the Information. Under the provisions of § 1 of 22 O.S.1971, § 1053, the State has appealed.

The only assignment of error is that the District Court should not have sustained the defendant's motion to dismiss. The State contends that the evidence presented at the preliminary hearing was sufficient to justify ordering the defendant held over for trial.

The burden placed upon the State by 22 O.S.1971, § 264, is that of showing that a crime has been committed and that there is probable cause to believe the defendant committed it. The prosecutor is not required to present evidence at the preliminary hearing which would be sufficient to convict at the trial, and we have presumed that the State would strengthen its evidence at trial. *McAllister v. State,* 97 Okl.Cr. 167, 260 P.2d 454 (1953); *Turner v. State,* Okl.Cr., 549 P.2d 1346 (1976).

An examination of the transcript of the preliminary hearing shows that the evidence—while circumstantial—was sufficient for the magistrate to order the defendant held for trial for the crime charged. The first witness, Officer Roman Checotah, testified that he was employed by the El Reno Police Department. On the night of December 15, 1977, he was accompanied on patrol by the defendant, Officer Ogle, who was off duty. Officer Checotah arrested George Smoker for public drunk and driving while under suspension. At the police station, Officer James Martin asked Checotah to drive the defendant to Smoker's house in order to obtain the car title to Smoker's 1972 El Camino. When he and the defendant returned to the station, Officer Checotah saw Smoker sign the title. Checotah then worked on his report until Officer Martin requested that he drive Smoker home because Smoker's bond had been paid.

George Smoker then testified that he was arrested, but said that he remembered nothing until their arrival at the police station. He then vaguely remembered a conversation concerning a truck and his charges.

The State's next witness, Phyllis Pedro, testified that after receiving a call from Smoker, who was her stepfather, she went to her mother's house. She testified that the defendant arrived and told her he needed the title to Smoker's El Camino to hold as collateral until they could get the bail money. According to Ms. Pedro, the defendant said Smoker sent word for her mother to give the title to him. Mrs. Smoker secured the title and gave it to the defendant.

Carlous R. Smith testified he went to the defendant's home for the purpose of repaying the $70.00 loan and redeeming the car for Mr. Smoker. But the defendant advised him that there was no $70.00 loan; that $750.00 had been paid for the El Camino and that it was presently in the possession of someone in Union City, Oklahoma.

Next, Officer James Martin testified that the defendant asked him if he would like to buy "a cheap pickup." The defendant informed Martin that Smoker wanted to sell it to pay his bond in order to get out of jail. He and the defendant decided to jointly buy the pickup, fix it up and sell it for a profit. Officer Martin admitted he paid the $70.00 bond for Smoker, gave the defendant $250.00, and took the El Camino himself.

NOW THEREFORE, after considering the transcript of testimony of the preliminary examination, we hold that the Honorable District Judge erred in quashing the information in CRF–78–121. It is, therefore, ordered that CRF–78–121 shall be remanded to the District Court of Canadian County, Oklahoma, to be placed on the trial docket for further proceedings not inconsistent with this decision. *REVERSED* and *REMANDED.*

CORNISH, P. J., and BUSSEY, J., concur.