Clarence Glen LITTLE and Billy Wayne Rogers, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–79–553, F–79–554.

Court of Criminal Appeals of Oklahoma.

April 17, 1981.

Dean E. Warren, Hamilton, McBee & Warren, Poteau, for appellant Rogers.

Whit Pate, Poteau, for appellant Little.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., F. K. Berfield, Legal Intern, State of Oklahoma, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellants Little and Rogers were each convicted of two (2) counts of Arson in the First Degree and one (1) count of Arson in the Third Degree in the District Court of LeFlore County, in violation of 21 O.S.1971, §§ 1401 et seq.,[1] Case No. CFR–78–141. Each was assessed the following punishment: Count I, Arson First Degree, two (2) years' imprisonment and a fine of Six Thousand, Six Hundred Dollars ($6,600.00); Count II, Arson First Degree, two (2) years' imprisonment to run consecutively with Count I, and a fine of Four Hundred Dollars ($400.00); Count III, Arson Third Degree, six (6) months' imprisonment to run consecutively with Count I, and a Four Hundred Dollar ($400.00) fine. Their consolidated appeals come before this Court on questions of the legality of certain evidence, perjured testimony, surprise evidence, and excessive sentences.

Appellants and their companion, Roy Pollard, spent the evening of June 30, 1978, drinking beer, joyriding and setting fire to the following property located in LeFlore County: An old unoccupied house, a pickup truck and an A-frame house.

### I.

In his first assignment of error, appellant Rogers sets out the following four points on which the court allegedly erred in its failure to supress a statement by Rogers: That appellant was interrogated after being given improper *Miranda* warnings; that appellant's subsequent arrest related back to the unconstitutional interrogation; that the arrest was based, not on probable cause, but upon the appellant's failure to keep a scheduled appointment with the deputy sheriff; and that the appellant's subsequent statement was tainted by the illegal arrest.

The privilege against self-incrimination is constitutionally shielded from abuse by specific procedural safeguards, secured by the following warning, which must be given prior to any custodial interrogation by the police: That s/he has the right to remain silent; that his/her statement may be used as evidence against him/her; that s/he has the right to an attorney prior to and during interrogation; and that s/he has the right to an appointed attorney in the case of indigency. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Reese v. State*, 462 P.2d 331 (Okl.Cr. 1969). Although an individual may waive his rights, ". . . unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." *Miranda v. Arizona*, supra, 384 U.S. at 478, 86 S.Ct. at 1630. *Miranda* warnings, however, are only required under custodial interrogation. Custodial interrogation is that questioning initiated by law enforcement officers after a person has been taken into custody or is otherwise deprived of his freedom in any significant way. *Miranda v. Arizona*, supra; *Rowbotham v. State*, 542 P.2d 610 (Okl.Cr.1975).

1. Now, 21 O.S.Supp.1980, §§ 1401 et seq.

The initial inquiry is whether the July 8 questioning of appellant Rogers by Deputy Baugh at the truck stop was a custodial interrogation requiring *Miranda* warnings. The record indicates that Rogers was neither formally arrested nor deprived of his freedom and that he left after making an appointment to meet Deputy Baugh at the sheriff's office the next day. Because there was no custodial interrogation, this Court does not need to consider the question of adequacy of the *Miranda* warnings given Rogers on July 8.

Appellant's argument that the subsequent arrest was invalid because of the erroneous interrogation is likewise without merit.

Appellant also states that there was no probable cause on which to base this arrest, which he asserts was, in fact, predicated on his failure to appear for his appointment at the sheriff's office. To determine whether there is probable cause, the court must look at the time of the arrest and examine the facts and circumstances within the knowledge of the arresting officers at that moment, that is, whether the officers had reasonably trustworthy information sufficient to warrant the belief of a prudent person that the arrestee had committed or was committing a felony. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979) and 22 O.S.Supp.1980, § 196.[2]

In the present case, Deputy Baugh contacted the McCurtain County Sheriff's Department to have appellant Rogers picked up. Whether Rogers was arrested on independent knowledge of the arresting officers or whether the arresting officers were relying on the communication from Deputy Baugh, the probable cause existed and the arrest was legal.

Finally, appellant Rogers contends that the statement given to Deputy Sheriff Higgins was tainted by an illegal arrest. As discussed previously, the arrest did comply with 22 O.S.Supp.1980, § 196, and the statement was properly admitted.

**2.** A peace officer may make an arrest without a warrant when a felony has in fact been committed and the officer has reasonable cause for

## II.

Appellant Little's first proposition and appellant Rogers' third proposition are substantially the same and will be considered together. It is alleged that Deputy Sheriff Baugh's testimony regarding a siphon hose in the final portion of the State's case was perjury. He had failed to mention the hose both at preliminary hearing and earlier in the State's case.

Use of perjured testimony to obtain a conviction is grounds for vacation of that conviction. However, the petitioner bears the burden of proving that: The testimony was false; the testimony was material; the government used the perjured testimony knowingly and intentionally to obtain a conviction. *Brown v. United States*, 442 F.Supp. 150 (E.D.Okl.1977) and *McBride v. United States*, 446 F.2d 229, (10th Cir. 1971).

The appellants have made bare allegations, and they have failed to prove that Deputy Baugh's testimony constituted perjury. Therefore, their contentions that they have been denied due process and that the trial court erred in refusing to grant a mistrial are without merit.

## III.

As his second assignment of error, appellant Rogers alleges that the withholding of evidence of his first statement to Deputy Baugh and evidence of the siphon hose constituted surprise and denied him a fair trial.

This Court has repeatedly held that the evidence at preliminary hearing need not be sufficient to convict and that there is a presumption that the State will strengthen its case at trial. *State v. Ogle*, 602 P.2d 213 (Okl.Cr.1979). It follows that the State may decline to present evidence at preliminary hearing.

believing the person arrested has committed it. Title 22 O.S.Supp.1980, § 196.

The case of *King v. State*, 586 P.2d 756 (Okl.Cr.1978) concerned a similar issue, in which an in-court identification had been made by an endorsed witness despite the State's alleged assurance that there would be no in-court identification. This Court employed the following definition for surprise:

Surprise, calling for [a] new trial, is that situation in which [a] party is unexpectedly placed without default on his part, and which will work injury to his interests. 24 C.J.S. Criminal Law § 1431, note 27.[3]

This Court found in *King* that any detriment suffered by the appellant was not so prejudicial to require reversal in light of the other substantial evidence presented by the State; and further that the defense had failed to adequately discover the testimony of the endorsed witness.

 The transcript discloses that the testimony of the siphon hose was apparently a surprise to the defense and that even the prosecutor was informed of it just the day before trial. However, the defense failed to object to the testimony at the time it was given; the statements were made by an endorsed witness; and the defense adequately cross-examined Deputy Baugh so that the jury had sufficient information to make a determination as to the witness's credibility. The facts before us do not indicate legal surprise, especially in light of the endorsement of witness Baugh. The appellant's argument is additionally weakened by his failure to object.

As for the alleged surprise of the first statement to Deputy Baugh, the defense adequately presented the inconsistencies in testimony between preliminary hearing and trial, and this change in testimony was, therefore, before the jury to reach an actual determination as to its credibility.

## IV.

Appellant Little asserts as his second assignment of error that the trial court abused its discretion by imposing consecutive sentences and assessing allegedly excessive fines.

This Court has consistently refused to disturb a jury's verdict absent a shockingly excessive punishment. *Bishop v. State*, 581 P.2d 45 (Okl.Cr.1978). The maximum penalty for Arson in the First Degree, under the statute in effect at the time of this crime, was twenty (20) years in the penitentiary and/or a fine of Twenty-Five Thousand Dollars ($25,000.00); and the maximum penalty for Arson in the Third Degree was five (5) years in the penitentiary and/or a Five Thousand Dollar ($5,000.00) fine. 22 O.S.1971, §§ 1401 et seq.; Laws 1967, c. 115, §§ 1 and 3. Appellant Little's total sentence is four (4) years, six (6) months and a fine of Seven Thousand, Four Hundred Dollars ($7,400.00). It is clear that the trial court did not abuse its discretion.

The Judgments and Sentences are AFFIRMED.

BUSSEY, J., concurs in results.

CORNISH, J., concurs.

---

**3.** The current law on surprise can be found at 12 O.S.Supp.1980, § 2403.