**UNITED STATES of America, Plaintiff,**

v.

**Danny GREEN, et al., Defendants.**

**No. CR–R–78–24–ECR.**

United States District Court,
D. Nevada.

Dec. 23, 1981.

Lamond R. Mills, U.S. Atty., Reno, Nev., for plaintiff.

Danny Green, in pro. per.

## ORDER

EDWARD C. REED, Jr., District Judge.

On March 31, 1981, Danny Green filed a motion requesting that he receive credit for his current federal sentence because of time spent in federal custody awaiting disposition of the charges for which he was sentenced by this Court. Two hearings were held in addition to written response by the Government which culminated in this Court's written order entered on September 25, 1981.

At that time the Court stated that although it appeared in light of the materials filed by the Government that Green was given credit for said time spent in federal custody toward the state sentence he was then serving, the parties could have until November 1, 1981, to submit supplementary materials in support of their respective positions. It appearing that the movant Green has failed to file any additional materials or authority in support of his position, and for the reasons cited in the Court's previous order of September 25, 1981, Green's motion of March 3, 1981, must now be denied.

In the interim Green did file in pro per what was titled a "Motion for Relief after Judgment or/Issue Writ Audita Querela" on May 4, 1981. The Court has, subsequent to the minute order entered June 25, 1981, construed such pleading to be a petition for relief under 28 U.S.C. § 2255. On October 25, 1981, the Government filed its written response to such motion. Because of the following the Court finds that this motion, as well, must be denied.

The purpose of Green's motion is to set aside his guilty plea entered on May 3, 1980, on a variety of grounds. Firstly, the petitioner contends that his conviction was obtained pursuant to an unlawful arrest and false statements of "Special Agents." Even if Green can present evidence that his arrest was illegal such ground is not cognizable in a § 2255 proceeding following a valid guilty plea. *Davis v. U.S.*, 347 F.2d 374 (9th Cir. 1965); *Duhart v. U.S.*, 476 F.2d 597 (6th Cir. 1973); *U.S. v. Johnson*, 582 F.2d 1186 (8th Cir. 1978).

The allegation regarding purported false statements of a Government agent which allegedly occurred during the investigatory stage of Green's case is likewise not cognizable under these circumstances. Such an allegation, if proved, may only present a ground for relief under 28 U.S.C. § 2255 where perjured testimony is used to convict a defendant at trial. *See Hart v. U.S.*, 565 F.2d 360 (5th Cir. 1978). In other words before perjured testimony can provide grounds for vacation of a conviction, petitioner must establish that it was material and that it was knowingly and intentionally used by the Government. *Brown v. U.S.*, 442 F.Supp. 150 (E.D.Okl.1977).

Green next asserts that he was denied his right of allocution at his sentencing in that he was not advised that his plea included a special parole term or that he had a right to incriminate himself. Transcripts of the proceedings in Green's case on March 3, 1980, and April 21, 1980, clearly show that petitioner's claim in this regard is wholly

unsupported by the record. Similarly each of the remaining grounds proffered by Green are not supported by specific facts and are directly contradicted by the record.

IT IS HEREBY ORDERED that the Petition for Order Crediting Defendant with Pre-trial Jail Time of 108 days filed March 31, 1981, be DENIED.

IT IS FURTHER ORDERED that the Motion for Relief After Judgment or/Issue Writ Audita Querela filed May 4, 1981, be DENIED.